UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| THROUGHPUTER, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AMAZON WEB SERVICES, INC.,<br><br>　　　　　Defendant. | Case No. 1:22-CV-01095-RP<br><br>**JURY TRIAL DEMANDED** |

**PROPOSED SCHEDULING ORDER AND
JOINT DISCOVERY PLAN PURSUANT TO RULE 26(f)**

Pursuant to Federal Rule of Civil Procedure 16, Plaintiff ThroughPuter, Inc. ("ThroughPuter") and Defendant Amazon Web Services, Inc. ("Amazon") respectfully submit the following Proposed Scheduling Order, which contains certain modifications to the Court's Proposed Scheduling Order, and Joint Discovery Plan Pursuant to Rule 26(f) to the Court. For the Court's convenience, the parties provide a chart of the proposed schedule in Exhibit A.

　　　1.　　ThroughPuter served its complaint on Amazon on October 31, 2022. Thereafter, ThroughPuter agreed to extend Amazon's deadline to respond to the complaint through January 5, 2023. On January 5, 2023, Amazon filed a Rule 12(b)(6) Motion to Dismiss the entirety of this action. ThroughPuter's response is due **January 26, 2023**, and Amazon's reply is due **February 9, 2023**.

　　　2.　　A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before **March 1, 2024**.

　　　3.　　The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before **March 8, 2024**, and each opposing party shall respond, in writing, on or before **March 15, 2024**. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

4. Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before **January 30, 2023**.

5. The parties will exchange initial disclosures by **February 28, 2023**. The parties do not request changes in the form or requirement for disclosures under Rule 26(a)(1)(A).

6. The following schedule shall apply to claim construction proceedings in this case:

a. On **June 1, 2023**, the parties shall concurrently exchange a list of claim terms a party believes should be construed by the Court and identify any claim element a party contends should be governed by 35 U.S.C. § 112(f).

b. On **June 22, 2023**, the parties shall concurrently exchange proposed constructions.

c. On **June 29, 2023**, the parties shall disclose extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony. With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced.

d. On **July 7, 2023**, the parties shall meet and confer to narrow terms in dispute and exchange revised lists of terms and proposed constructions, if any.

e. On **July 20, 2023**, Defendant shall file its Opening Claim Construction Brief, with supporting evidence, including any declarations of expert witnesses in support of claim construction. The page limit for the Opening Claim Construction Brief shall be 20 pages, exclusive of the caption, signature block, any certificate, and exhibits.

f. On **August 10, 2023**, Plaintiff shall file its Responsive Claim Construction Brief with supporting evidence, including any responsive declarations of expert witnesses in support of its responsive positions. The page limit for the Responsive Claim Construction Brief shall be 20 pages, exclusive of the caption, signature block, any certificate, and exhibits.

      g.      On **August 24, 2023**, Defendant shall file its Reply Claim Construction Brief. The page limit for the Reply Claim Construction Briefs shall be 10 pages, exclusive of the caption, signature block, any certificate, and exhibits.

      h.      On **September 7, 2023**, Plaintiff shall file its Sur-Reply Claim Construction Brief. The page limit for the Sur-Reply Claim Construction Brief shall be 10 pages, exclusive of the caption, signature block, any certificate, and exhibits.

      i.      Claim Construction Hearing:   **October___, 2023**

7.      The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before **July 30, 2023**.

8.      The parties shall complete all fact discovery on or before **December 7, 2023**.

9.      All parties with the initial burden of proof shall exchange opening expert reports (all materials required by Federal Rule of Civil Procedure 26(a)(2)(B)) on or before **January 18, 2024**. The parties shall exchange rebuttal expert reports (all materials required by Federal Rule of Civil Procedure 26(a)(2)(B)) on or before **February 22, 2024**.

10.      The parties shall complete all expert discovery on or before **March 22, 2024**.

11.      All dispositive motions shall be filed on or before **April 11, 2024.** An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion (i.e., Daubert motion), specifically stating the basis for the objection and identifying the objectionable testimony, at the same time, on or before **April 11, 2024**. Each such motion shall be limited to 25 pages. Responses shall be filed and served on all other parties not later than 14 days after the service of the motion and shall be limited to 25 pages. Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion. Nothing herein prevents a party from filing multiple dispositive and/or Daubert motions, provided that such motions meet the requirements provided herein.

12.      The parties shall serve pretrial disclosures under Local Rule CV-16(f)(1)-(8) (proposed voir dire questions; a statement of the party's claims and defenses; list of stipulated

facts; identification of expects to use and may use exhibits; identification of expects to call and may call witnesses; deposition designations; proposed jury instructions and verdict forms; Proposed Findings of Fact and Conclusions of Law) by **May 16, 2024**.  The parties shall serve objections to pretrial disclosures and rebuttal disclosures by **June 6, 2024**.  The parties shall serve objections to rebuttal disclosures by **June 20, 2024**.  The parties shall file pretrial disclosures, rebuttal disclosures and objections by **June 27, 2024**.

13. The parties shall file motions *in limine* by **June 27, 2024**.  The parties shall serve oppositions to motions *in limine* by **July 11, 2024**.

14. The Court will set this case for final pretrial conference at a later time. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference.

15. This case is set for _____ trial commencing at 9:00 a.m. on_____, 20__.

16. By filing an agreed motion, the parties may request that this Court extend any deadline set in this Order, with the exception of the dispositive motions deadline and the trial date. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this Order.

17. Other Agreements Regarding Discovery Pursuant to Rule 26(f):

    a. Federal Rule 26(f)(3)(B):  The parties anticipate discovery on all matters relevant to their pending claims and defenses.  The parties believe that discovery should be conducted in phases, with expert discovery following the close of fact discovery.

    b. Federal Rule 26(f)(3)(C):  The parties are continuing to discuss terms and conditions for the preservation and production of documents and electronically stored information and the scope of electronic discovery.

    c. Federal Rule 26(f)(3)(D): The parties anticipate confidential information will be exchanged in this case.  The parties are therefore discussing a Protective Order and

intend to request entry of a stipulated protective order. To facilitate discovery and avoid delay, the parties agree that, until a protective order is entered, if any document or information produced in this matter is deemed confidential by the producing party, the document shall be marked "confidential" or with some other confidential designation (such as "Confidential – Outside Attorneys' Eyes Only") by the disclosing party and disclosure of the confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s) and support personnel at their law firms.

        d.        Federal Rule 26(f)(3)(E): The parties do not presently believe any changes should be made to the limitations on discovery beyond those imposed under the Federal Rules of Civil Procedure and the Local Rules.

        e.        Federal Rule 26(f)(3)(F): At this time, the parties have not requested any orders that the Court should issue under Rule 26(c) or Rule 16(b) and (c) but will be requesting a Scheduling Order and Protective Order as discussed above.

        f.        The parties consent pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) that the parties may serve any document—including, for example, discovery requests, discovery responses, and expert and other disclosures—on the other party by electronic means, including but not limited to e-mail, FTP sites, or secure file-sharing services. The parties agree that service on any party by e-mail shall be made on all counsel of record for that party.

Dated:  January 23, 2023

| | |
|---|---|
| */s/ W. Cook Alciati* | */s/ Jessica M. Kaempf* |
| Melissa R. Smith | J. David Hadden, CSB No. 176148 |
| State Bar No. 24001351 | Email:dhadden@fenwick.com |
| **GILLAM & SMITH, L.L.P.** | (Admitted W.D. Tex.) |
| 303 South Washington Avenue | Saina S. Shamilov, CSB No. 215636 |
| Marshall, Texas 75670 | Email:sshamilov@fenwick.com |
| Telephone:  (903) 934-8450 | (Admitted W.D. Tex.) |
| Facsimile:  (903) 934-9257 | Ravi R. Ranganath, CSB No. 272981 |
| Email:  melissa@gillamsmithlaw.com | Email:rranganath@fenwick.com |
| | (Admitted W.D. Tex.) |
| Andrew Thompson ("Tom") Gorham | Johnson K. Kuncheria, TX Bar No. 24070092 |
| State Bar No. 24012715 | (Admitted W.D. Tex.) |
| **GILLAM & SMITH, L.L.P.** | FENWICK & WEST LLP |
| 102 N. College, Suite 800 | Silicon Valley Center |
| Tyler, Texas 75702 | 801 California Street |
| Telephone:  (903) 934-8450 | Mountain View, CA  94041 |
| Facsimile:  (903) 934-9257 | Telephone:     650.988.8500 |
| Email:  tom@gillamsmithlaw.com | Facsimile:      650.938.5200 |
| | |
| W. Cook Alciati (pro hac vice) | Jessica M. Kaempf (WSBN 51666) |
| **GARDELLA GRACE, P.A.** | (Admitted W.D. Tex.) |
| 80 M Street SE, 1st Floor | Email:jkaempf@fenwick.com |
| Washington D.C. 20003 | FENWICK & WEST LLP |
| Telephone: (703) 721-8379 | 1191 2nd Avenue, 10th Floor |
| Email:  calciati@gardellagrace.com | Seattle, WA 98101 |
| | Telephone: 206.389.4510 |
| Michael Dorman (pro hac vice) | Facsimile: 206.389.4511 |
| **GARDELLA GRACE, P.A.** | |
| 2502 North Clark Street, Suite 222 | *Attorneys for Defendant AMAZON WEB* |
| Chicago, Illinois 60614 | *SERVICES, INC.* |
| Telephone: (773) 755-4942 | |
| Email:  mdorfman@gardellagrace.com | |
| | |
| *Attorneys for Plaintiff ThroughPuter, Inc.* | |

SO ORDERED on _____, 2023

                                              _____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

SO ORDERED on _____, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

§
§
§
§

**NOTICE CONCERNING REFERENCE TO**
**UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and the Local Rules of the United States District Court for the Western District of Texas, the following party _____

through counsel _____

____ consents to having a United States Magistrate Judge preside over the trial in this case.

____ declines to consent to trial before a United States Magistrate Judge.

Respectfully submitted,

_____

Attorney for:

_____

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 23, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

*/s/ W. Cook Alciati*
W. Cook Alciati
