UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THROUGHPUTER, INC., | § | No. 1:22–CV–01095–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| AMAZON WEB SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation ("Report") submitted by the United States Magistrate Judge Dustin Howell. (Dkt. # 89.)

Plaintiff moves to strike Defendant's twelfth affirmative defense, which alleges inequitable conduct by Plaintiff. (Dkt. #72.) The Court finds this matter suitable for disposition without a hearing. After reviewing the Report, the Court **ADOPTS** Judge Howell's recommendation, with slight clarification. Plaintiff's Motion is **DENIED**. (Dkt. # 72.)

BACKGROUND

Judge Howell set out the basics of the parties' claims in the Report to the District Judge addressing Defendant's motion to dismiss. (Dkt. # 43 at 1-3, 5-6.) The Court incorporates these facts here by reference. Defendant supports its inequitable-conduct affirmative defense by citing a substantial amount of Plaintiff's

1

conduct that Defendant had raised in its motion to dismiss.

In sum, Plaintiff contends that Defendant infringed its U.S. Patent Nos. 11,347,556 and 11,385,934, issued in 2021 (the Patents-in-Suit).  (Dkt. # 48.)  These patents claim priority dates to parent applications Plaintiff filed in 2013 and 2014.  (Dkts. ## 20-12 at 1-2; 20-13 at 1-2.)  After Plaintiff filed its parent applications, but before Plaintiff prosecuted the amendments giving rise to the Patents-in-Suit, Defendant filed two U.S. patent applications in 2016, the '317 patent, titled "Configurable Logic," and the '330 patent, titled "Configurable Logic Platform With Multiple Reconfigurable Regions."  (Dkts. ## 20-1; 20-4.)  The applications for these patents ('232 and '624, respectively) were published and thus became publicly available in March 2018.  (Dkts. ## 20-1; 20-4.)  Defendant's '995 patent, also titled "Configurable Logic Platform With Multiple Reconfigurable Regions," was issued on July 7, 2020 (filed in March 2019 as the '007 application and published in July 2019).  (Dkt. # 69 at 26.)  These three patents are called the "Amazon Patents."

Defendant's inequitable-conduct affirmative defense asserts that when Plaintiff filed the 2021 applications for the Patents-in-Suit, it copied verbatim claim language from published patent applications for the Amazon Patents and concealed the existence of these patents and its copying of their claims from the Patent Office.  (Id. at 25-34.)  Defendant further alleges that Plaintiff rewrote the titles, abstracts, and claims of Plaintiff's earlier patent applications and then falsely represented to the

Patent Office that its amendments added no new subject matter. (Id. at 34-35.)

## APPLICABLE LAW

I. Standard of Review

The Court must review de novo any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). Plaintiff's baseless request for recusal is not an objection to the Report and Recommendation. Idrogo v. Nirenberg, No. 5:19-CV-00804-OLG, 2020 WL 10056301, at *1 (W.D. Tex. Mar. 23, 2020). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

II.    Federal Rule of Civil Procedure 12(f)

Federal Rule of Civil Procedure 12(f) allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." Kaiser Alum. v. Chem. Sales, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982). What constitutes an insufficient defense depends on the nature of the claim for relief and the defense in question. EEOC v. First Nat'l Bank of Jackson, 614 F.2d 1004, 1008 (5th Cir. 1980). The trial court has "ample" discretion when considering a Rule 12(f) motion. In re Beef Indus. Antitrust Litig., 600 F.2d 1148, 1168 (5th Cir. 1979).

III.   Inequitable Conduct

Inequitable conduct bears on an issue unique to patent law. Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Sols., P.C., 482 F.3d 1347, 1356 (Fed. Cir. 2007). Thus, the Court applies the law of the Federal Circuit when determining whether inequitable conduct has been pleaded with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1326 (Fed. Cir. 2009). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "[I]nequitable conduct, while a

4

broader concept than fraud, must be pled with particularity" under Rule 9(b). Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega Sys., LLC, 350 F.3d 1327, 1344 (Fed. Cir. 2003).

> In Exergen, 575 F.3d at 1328-29, the Court stated:
>
> [T]o plead the 'circumstances' of inequitable conduct with the requisite 'particularity' under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the [United States Patent and Trademark Office ("USPTO")]. Moreover, although 'knowledge' and 'intent' may be averred generally, a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the USPTO.
>
> The USPTO imposes a duty on "[e]ach individual associated with the filing and prosecution of a patent application" to disclose information material to patentability. 37 C.F.R. § 1.56(a); see also Manual of Patent Examining Procedure § 2001.06(c). Each named inventor, "each attorney or agent who prepares or prosecutes the application," and "every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, the applicant, an assignee, or anyone to whom there is an obligation to assign the application" owes a duty of disclosure to the USPTO. 37 C.F.R. § 1.56(c). However, the Federal Circuit rejected the adoption of materiality as defined in USPTO Rule 56 because it sets such a low bar. Therasense, Inc. v. Becton,

5

Dickinson & Co., 649 F.3d 1276, 1292, 1295 (Fed. Cir. 2011); 37 C.F.R. § 1.56.

Instead, materiality is measured by a "but-for" analysis. Id. at 1291. To assess materiality, "the court must determine whether the PTO would have allowed the claim if it had been aware of the undisclosed reference." Id. In determining patentability, courts should give claims their broadest reasonable construction, using a preponderance of the evidence standard. Id. at 1292. "Information cumulative of other information already before the Patent Office is not material." Honeywell Int'l Inc. v. Universal Avionics Sys. Corp., 488 F.3d 982, 1000 (Fed. Cir. 2007).

"A reasonable inference [of intent] is one that is plausible and that flows logically from the facts alleged, including any objective indications of candor and good faith." Exergen, 575 F.3d at 1329 n.5. The inference of deceptive intent must be reasonable and drawn from the pleading's allegations of underlying facts. Id. This pleading standard is lower than that required to prevail on the merits. Id. (noting that to prevail on the merits, an accused infringer must prove both materiality and intent by clear-and-convincing evidence and that the inference must be the single most reasonable inference to meet the clear-and-convincing standard).

Importantly, "intent and materiality are separate requirements." Therasense, 649 F.3d at 1290 (citing Hoffmann-La Roche, Inc. v. Promega Corp., 323 F.3d 1354, 1359 (Fed. Cir. 2003)). The two requirements should not fall on a "sliding scale," as a "court must weigh the evidence of intent to deceive independent

of its analysis of materiality." Id.

## DISCUSSION

I.   Plaintiff's Objection

Plaintiff objects that Judge Howell incorrectly concluded that the Amazon Patents were "material prior art" in his Report. This Court finds this to be a scrivener's error. Judge Howell clearly meant to acknowledge that Defendant *sufficiently alleged* "material prior art," not to hold that the Amazon Patents constitute "material prior art." The Court finds this objection well-taken and **ORDERS** that Defendant has *sufficiently alleged* that the Amazon Patents could be material prior art for the purposes of surviving a motion to strike, but that the Court has not determined whether the Amazon Patents are material prior art. With this correction in language, the Court finds that the Report is free of clear error. See Infra Part II.

II.  Judge Howell's Report is Free of Clear Error

In his Report, Judge Howell recommended denying Plaintiff's motion to strike Defendant's inequitable-conduct affirmative defense. (Dkt. # 89.)

Defendant's inequitable-conduct affirmative defense accuses Plaintiff of (1) concealing the existence of issued the Amazon Patents from the USPTO during the prosecution of the amendments contained within the Patents-In-Suit, (Dkt. # 69 at 31-32;) (2) deceiving the USPTO by copying language from the issued Amazon

Patents without informing the office, (Dkt. # 69 at 25-35;) and (3) misrepresenting that its amendments added "no new matter" to the asserted patents, (Dkt. # 69 at 34.) Plaintiff primarily argues that Defendant insufficiently pleads the materiality of these facts—that the affirmative defense fails to demonstrate that "but for" this allegedly improper conduct by Plaintiff, the patents would not have issued. (See Dkt. # 72 at 7.) But Judge Howell found that Defendant sufficiently pleaded the materiality of these three facts. (Dkt. # 89.) On this record and reasoning, this Court finds no error in Judge Howell's assessment.

    A.    <u>Judge Howell Made No Clear Error in Finding Defendant Sufficiently Pleaded the Materiality of Plaintiff's Failure to Disclose the Existence of the Amazon Patents</u>

First, Judge Howell did not err in finding Defendant sufficiently pleaded that Plaintiff failed to disclose the existence of Defendant's Patents.

Defendant's affirmative defense states that "Plaintiff and its patent counsel concealed … the existence of the [Amazon Patents] from the Patent Office during prosecution of the applications that issued as the asserted patents." (Dkt. # 69 at 32.) As to the materiality of the omission and the alleged cumulative nature of Amazon Patents vis-à-vis the '119 publication, Defendant argues that but for Plaintiff's omission of the patents, the examiner would not have issued the Patents-in-Suit because "if the examiner knew of Defendant's patents … the [e]xaminer would not have issued patents with the same claims in the earlier- issued Amazon Patents." (Dkt. # 69 at 34.) Defendant contends this problem was compounded by

8

Plaintiff's failure to disclose that it had copied language from the Amazon Patents. (Dkt. # 77 at 13.) Accordingly, Judge Howell made no error in finding Defendant's detailed allegations sufficiently explained who, what, when, where, and how Plaintiff's failure to disclose the Amazon Patents was material to the examiner's decision to issue the Patents-in-Suit.

Judge Howell added that much of what Plaintiff argues is based on assumptions about what the examiner considered or how they "plausibly" considered it. (See, e.g., Dkt. # 79 at 7.) The Report then mentioned that Plaintiff's own motion points out that the claim language in the Amazon Patents differs from some of the claim language used in the '119 publication. (Dkt. # 72 at 9-11.)

Judge Howell made no error in finding that these differences are arguably material, at least to assess whether this affirmative defense is sufficiently pleaded. Therefore, Judge Howell made no error in recommending that Plaintiff's motion to strike should be denied on this basis.

> B. Judge Howell Made No Clear Error in Finding Defendant Sufficiently Pleaded the Materiality of Plaintiff's Failure to Disclose its Copying of the Amazon Patents

Second, Judge Howell did not err in finding Defendant sufficiently pleaded Plaintiff's failure to disclose its copying of the Amazon Patents.

Defendant's affirmative defense states that "Plaintiff admittedly copied claims of earlier-filed Amazon Patents, grafting those claims onto its own patents while concealing its copying from the Patent Office" (Dkt. # 69 at 25) (emphasis

9

omitted), and Plaintiff's failure to disclose this copying "was material because if the examiner knew of … Plaintiff's copying of the subject matter from Defendant's patents, the examiner would not have issued patents with the same claims in the earlier-issued Amazon Patents." (Id. at 34.) In a table (taken from Plaintiff's own complaint) and in the body of the affirmative defense, Defendant sets out numerous examples in which the Patents-in-Suit mirror claim language from the Amazon Patents. (Id. at 26-32.) It alleges, with respect to each, that Plaintiff failed to disclose its copying of the Amazon Patents' claim language. (Id. at 33.)

Defendant argues that "Plaintiff cannot reasonably claim that the examiner would have allowed the [Patents-in-Suit] if it had determined that Plaintiff's named inventor did not actually invent what it claims to have invented." (Dkt. # 77 at 21) (citing 35 U.S.C. § 101). As for Plaintiff's contention that its copying is irrelevant, Defendant argues that Plaintiff misses the point— while the reason for Plaintiff's amendments might not be relevant to patentability, Plaintiff's copying the Amazon Patents and passing them off as its own goes to the heart of whether Plaintiff was entitled to issuance of the Patents-in-Suit under section 101 of the Patent Act, and Plaintiff's failure to disclose bears on that determination. (Dkt. # 77 at 22.)

Judge Howell referenced United Cannabis Corp. v. Pure Hemp Collective, Inc., a case where the Federal Circuit addressed an inequitable-conduct

argument based on failure to disclose copying. 66 F.4th 1362, 1369 (Fed. Cir. 2023) ("Pure Hemp points out that UCANN's prosecution counsel copied and pasted portions of Whittle and another prior art reference into the '911 patent application. She did not disclose Whittle to the PTO. In Pure Hemp's view, this undisclosed copying and pasting is inequitable conduct."). Judge Howell highlighted that the court ultimately rejected the plaintiff's theory on the merits and the court's reasoning rested primarily on the fact that the district court failed to make "specific findings that the copied prior art was material." Id. at 1369-70. Judge Howell cited this case to draw a parallel to this case.

This Court does not find an error in Judge Howell's analogical reasoning. Given that Judge Howell did not err in finding that Defendant sufficiently pleaded the Amazon Patents were material prior art, supra Part II.A, Judge Howell made no error in holding that Defendant sufficiently pleads but-for causation as to Plaintiff's failure to disclose its copying of the Amazon Patents.

C. Judge Howell Made No Clear Error in Finding Defendant Sufficiently Pleaded the Materiality of Plaintiff Misrepresenting its Amendments

Lastly, Judge Howell did not err in finding Defendant sufficiently pleaded Plaintiff misrepresented that its amendments added "no new matter" to the asserted patents. (Dkt. # 69 at 34.)

Defendant's affirmative defense on this point states that Plaintiff made a "material misrepresentation with specific intent to deceive" by informing the

11

examiner that its amendments during prosecution of the patents-in-suit "introduce[d] 'no new matter'" (the "new matter" being the language copied from the Amazon Patents).  Id.; (see also Dkt. # 69 at 25) (stating Plaintiff "knowingly and affirmatively misrepresent[ed] to the Patent Office that its amendments added no new matter to the applications").  Developing the materiality of this alleged misrepresentation, Defendant states that "upon examination, the [e]xaminer would have seen the new matter copied from Defendant's patents, which [u]nder black letter patent law would have necessarily sunk any claim of priority."  (Dkt. # 69 at 34-35) (quoting Sonos, Inc. v. Google LLC, No. 3:21-cv-07559, Dkt. # 274 at 2 (N.D. Cal. Oct. 6, 2023)) (internal quotations omitted).

      Plaintiff's motion to strike argues (1) "whether an application introduces new matter depends on whether there is written description support for the newly introduced claims in the originally filed specification—an issue the [e]xaminer considered in allowing Plaintiff's patents," and (2) Defendant's affirmative defense fails to allege that this misstatement was a but-for cause.  (Dkt. # 72 at 18-19.)

      As to the second point, Judge Howell found that Defendant's quoted language in the last sentence of the preceding paragraph sufficiently states that Plaintiff's misstatement was a but-for cause of the patents' issuance.  Judge Howell did not err in this finding.

      As to the first point, Judge Howell disagrees.  Plaintiff argues that the

examiner presumably considered the written description and because no "new matter rejection" was issued as to the Patent-in-Suit, the examiner must have concluded there was no new matter. (Id. at 19.) And Plaintiff states even if Defendant were correct, this would not be a basis for finding inequitable conduct. (Id.)

Defendant responds first that Plaintiff's reliance on a presumption that the examiner reviewed the claims for support is misplaced. (Dkt. # 77 at 18;) see In re NTP, Inc., 654 F.3d 1268, 1278 (Fed. Cir. 2011) (rejecting claim that examiner "implicitly" found priority, concluding that "[w]hether an examiner considered an issue is context-specific, and here, there is no evidence the examiner *actually* considered" the matter (emphasis added)); see also NTP, 654 F.3d at 1278 ("Whether the examiner actually considered this issue can only be determined by reviewing the prosecution history. The history here fails to support NTP's contention that the examiner made such a considered judgment.").

Judge Howell found the same reasoning in NTP applies here. Judge Howell already concluded that the reference to the '119 publication alone was not enough to presume examiner knowledge sufficient to foreclose Defendant's defense as a matter of law. Supra Part II.A. Judge Howell then stated the record did not sufficiently demonstrate that "the examiner actually considered this issue." NTP, 654 F.3d at 1278. Judge Howell concluded that Plaintiff overemphasized the aforementioned "presumption," and that the written description requirement does not

13

foreclose Defendant from raising an inequitable-conduct claim on this basis. Judge Howell did not err in applying the reasoning of NTP to this case.

From these two points, Judge Howell concluded that Defendant's affirmative defense on this basis sufficiently states the alleged misrepresentation, that it was made with intent to deceive the examiner, and that had it not been made, the outcome of Plaintiff's applications would have been different. Accordingly, the Report recommended that Plaintiff's motion to strike Defendant's inequitable-conduct affirmative defense on this basis should be denied. This Court agrees with the Report on this issue and finds that Judge Howell did not err in his analysis.

CONCLUSION

For all these reasons, the Court **ADOPTS IN PART** the Magistrate Judge's Report and Recommendation. (Dkt. # 89.)  The Court **ORDERS** that Defendant has *sufficiently alleged* that the Amazon Patents could be material prior art for the purposes of surviving a motion to strike, but that the Court has not determined whether the Amazon Patents are material prior art.

The Court **DENIES** Plaintiff's motion to strike Defendant's twelfth affirmative defense.  (Dkt. # 72.)

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, August 8, 2024.

_____
David Alan Ezra
Senior United States District Judge